## BANK OF AMERICA, NAT. TRUST & SAVINGS ASS'N v. LERER.

### No. 7508.

Circuit Court of Appeals, Ninth Circuit.

May· 20, 1935.

Torregano & Stark and Charles M. Stark, all of San Francisco, Cal., for appellant.

Eli Freed, of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

On April 26, 1933, one Thanos D. Lagios, doing business under the fictitious name of Standard Dairy Products Company, Limited, filed a voluntary petition in bankruptcy. Upon liquidation there was not sufficient funds to pay·the claims of the creditors in full. For the four months preceding the filing of the petition, the bankrupt was unable to pay his· debts, and his liabilities exceeded his assets over that .period of time. The bankrupt was indebted. to the French-American Branch of the Bank of America for more than four months previous to bankruptcy in the sum. of $500, which was evidenced by a promissory note. This amount was the balance due upon an original debt of $1,000, $500 having been paid and the ·note for the balance having been renewed in September, 1932.

The bankrupt had in his possession two· automobile trucks which he was operating in his business; the Bank of America had· the certificates of registration dated in September, 1932, showing that "legal" title to· the trucks was in the bank; the "regis--

tered" title was in the Standard Dairy Products Company, Limited, as required by section 41 (Cal. Stat. 1931, p. 2104), section 44 (Cal. Stat. 1929, p. 514), and section 45¼ (Cal. Stat. 1931, p. 2517) of the Motor Vehicle Act, in case of a chattel mortgage. Although it is argued in the brief that there is no valid chattel mortgage from the bankrupt to the bank, upon the argument it was conceded that the trucks were hypothecated for the loan.

On April 17, 1933, a few days before the voluntary petition in bankruptcy was filed (April 26, 1933), an arrangement was entered into by the bank, the bankrupt, and a friend of the bankrupt, named Economou, who had agreed to lend his credit to the bankrupt by executing his own note for $500 payable to the bank in consideration of the surrender by the bank to the bankrupt of the $500 note and the sale to Economou of the two automobile trucks. Thus stated, the transaction, so far as the bank is concerned, assumed the form of a purchase by Economou of the interest of the bank in the trucks for the sum of $500, and there was no preferential payment by the bankrupt to the bank, and so far as the bankrupt was concerned, of the surrender of his equity in the trucks in consideration of the accommodation maker's note.

The evidence shows, however, that the bank upon the receipt of the $500 note from Economou in lieu of the $500 note of the bankrupt issued its check to Economou payable to him for the sum of $500 and that this check was taken by Economou and the bankrupt to the paying teller's window where $500 was paid either to Economou or the bankrupt. They returned to the window where the bankrupt's note and collateral were kept where the money was exchanged for the promissory note of the bankrupt and for the registration slips indicating that the bank was chattel mortgagee of the automobile trucks. The transaction thus assumed the form of the loan by the bank to Economou of $500 upon his promissory note and the purchase by Economou from the bank with the fund loaned of the bank's chattel mortgage. In any view the bank received nothing at that time from the bankrupt. Whatever it received was from Economou who made the promissory note for which the bankrupt's note and collateral security were surrendered, and, consequently, the action to recover a preferential payment cannot be maintained. The trial court found there was a payment of $500 from the bankrupt to the bank, but the evidence is undisputed and the conclusion of the trial judge upon that subject was an erroneous conclusion of law rather than of fact. See First Nat. Bank of Danville v. Phalen (C. C. A.) 62 F.(2d) 21, 88 A. L. R. 75; Doughty v. Nassau Factors Corp. (D. C.) 56 F.(2d) 862.

Order reversed.